

**May 12, 2025**

United States Court of Appeals
Fifth Circuit

*Via eFile*

**RE: 24-40378    USA v. Riojas**
**USDC No. 2:24-CR-698-1**

Dear Honorable Court,

Counsel for Defendant, Mr. Isaac Riojas, submits this Letter Brief addressing the following questions:

> "Did Riojas waive any error in the denial of his motion to suppress by entering an unconditional guilty plea, and is that waiver jurisdictional, requiring this court to raise it *sua sponte*?"

Under Federal Rule of Criminal Procedure 11(a)(2), a Defendant may enter a conditional plea of guilty, reserving the right to appeal an adverse determination of a specified pretrial motion, such as a motion to suppress, with the consent of the court and the government.

On September 27, 2023, prior to accepting the Defendant's pleas of guilty, a discussion was held on the record that provides evidence of both the consent of the trial court as well as the government regarding the intention appeal of the denial of the motion to suppress at issue now on appeal.[1] Following that discussion made on the record by the parties, the Defendant entered his plea of guilty to the charges in the indictment.

On May 17, 2024, the Defendant appeared before the Court to be sentenced.  The Court acknowledges that Defendant has the right to appeal the conviction and sentence.[2]

Generally, an unconditional guilty plea waives all non-jurisdictional defects in the proceedings, including the right to appeal the denial of a motion to suppress.  See *U.S. v. Bell*,

---

[1] ROA.255
[2] ROA. 302

Micah W. Hatley | Walker Keeling LLP | 101 W Goodwin, Suite 400 | Victoria, Texas 77901
Main: 361.576.6800 | Direct: 361.570.9102 | Fax: 361.576.6196 | mhatley@walkerkeeling.com | www.walkerkeeling.com

350 F.3d 534 (2003); and *U.S. v. Elizalde-Adame*, 262 F.3d 637 (2001). However, there are exceptions where courts have allowed appeals despite the absence of a written conditional plea. For instance, in *United States v. Vergott*, this Court noted that it has relaxed the technical requirements of Rule 11(a)(2) when the record clearly indicates the defendant's intention to plead conditionally and to appeal pretrial rulings, with the acquiescence of both the prosecution and the court.  See *United States v. Vergott*, 662 Fed.Appx. 320 (2016).  Defendant did not enter into a conditional plea in writing due to anticipated issues related to sentencing that were unresolved at the time of the plea, which could have limited any appellate issues that could arise at sentencing.

Additionally, on September 27, 2023, while the record reflects that both the government and the Defendant discussed the intention to contest the trial court's ruling on the motion to suppress, it is further evidenced by the government's agreement to certain amendments in the submitted factual stipulation filed with the trial court.[3] As such, written evidence exists that the government was not aware, but anticipated the appeal now pending with the court.

As further evidence of the Government's consent is the fact that the Government's Appellee Brief filed before this court makes no mention of Defendant having waived his right to appeal these issues, further corroborating the acknowledgments made on the record as discussed above. Furthermore, at sentencing, Judge Tipton acknowledges Defendant didn't waive his right to appeal the judgment or sentence.

Sincerely,

WALKER KEELING LLP

Micah W. Hatley

---

[3] ROA. 139

**CERTIFICATE OF SERVICE**

I certify that on May 12, 2025, the foregoing document was served via ECF to counsel for the Appellee, Assistant U.S. Attorney, Carmen Mitchell.  I further certify that: 1) all privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13; 2) the electronic submission is an exact copy of the paper documents pursuant to 5th Cir. Rule 25.2.1; and 3) the document has been scanned for viruses with the most recent version of Anti-virus and is free of viruses. Further, I certify that I sent a paper copy via regular mail to Isaac Riojas.

/s/ Micah Wayne Hatley